The case depends upon the construction of the devise to William Currie; and the question is, What is the true meaning and intent of the condition upon which his taking the estate is made to depend?
We are satisfied the return to the county of his son which the testator had in his mind was a return as a resident; otherwise, it is difficult to conceive why he should have stipulated for a return at all. If he had meant it as a personal advancement, it would have been more germane to his object to have given it absolutely upon the condition of his surviving him.
The main object of the testator seems to have been to make provision for his son's family. This he desired to do through his son, for reasons of mutual benefit; and therefore he stipulated for his return to the county — for his return to it as his domicile, whereby his children would become subject to his care, and he be in a condition to attend to their education and maintenance. It could not have entered into his contemplation that his son might come into the county, make sale of his estate, and then return with the proceeds to his former retreat. Such a return would not at all advance what we have supposed to be the principal object of the testator.
In further support of the view we have taken, it may be remarked that the testator in making provision for this branch of his family (210) gives the land to the son and the personalty to his children, suggesting by this arrangement an expectation and desire that there should be a common possession and enjoyment.
The question as to the time within which the condition should be performed we have thought it unnecessary to consider. Our opinions upon the first point dispose of the case, and we decline going into the other.
The judgment of the Superior Court should be reversed and a judgment entered for the defendant.
Reversed.
Cited and distinguished: Harris v. Hearne, post, 484. *Page 129